UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY GUITE,

    Plaintiff,

v.                                Case No: 2:25-cv-461-JES-KCD

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Remand to State Court (Doc. #12) filed on June 19, 2025. Defendant filed a Response in Opposition (Doc. #20) on July 23, 2025. Plaintiff seeks a remand to state court, arguing that the amount in controversy does not exceed $75,000. Diversity of citizenship is not disputed. For the reasons set forth below, plaintiff's motion for remand is denied.

"Federal courts are courts of limited jurisdiction." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). A civil action brought in state court may be removed to a district court having original jurisdiction. 29 U.S.C. § 1441(a). One such basis for removal is diversity of citizenship under 28 U.S.C. § 1332. Under this statute, district courts have

original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction, including the amount in controversy, as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017).

A proper Notice of Removal must be filed within 30 days after receipt of a copy of the initial pleading, 28 U.S.C. § 1446(b)(1), or within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3).

On April 11, 2025, plaintiff filed his original Complaint (Doc. #6) in state court for negligence stemming from an automobile accident. The Complaint alleges that the damages are in excess of the minimum jurisdictional threshold for state court, which is $50,000. (Doc. #6 at ¶ 1.) Plaintiff alleges that he was operating a motor vehicle when an unknown driver who was underinsured collided with plaintiff's vehicle. (Id. at 4-7, 12.) As a result

2

of the crash, plaintiff alleges that he suffered permanent bodily injury, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are alleged to be either permanent or continuing and the vehicle was damaged.  (Id. at 8.)  Additionally, the Civil Cover Sheet filed in state court asserted that the amount of claim was $75,001-$100,000.  (Doc. #1-4 at 1.)

The Return of Service reflects service on May 1, 2025[1].  (Doc. #1-3; Doc. #1-4 at 13.)  The state court docket reflects an Answer and Affirmative Defenses were filed on May 16, 2025.  (Doc. #1-3.)  On May 29, 2025, defendant removed the case from state court based on the presence of diversity in citizenship and an amount in controversy that exceeds $75.000.  (Doc. #1 at 3, 5.)  The timeliness of the removal is not challenged by plaintiff.

---

[1] In the Notice of Removal, defendant states that it was served with a copy of an "Amended Complaint" Summons on April 24, 2025, and the Answer was filed on May 25, 2025.  (Doc. #1 at ¶ 2.) There is no amended pleading in this case and the Answer was filed on May 29, 2025.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (quoting Allen v R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995). No post-petition affidavits have been submitted in this case.

The allegations of permanent damage and ongoing medical treatment set forth in the Complaint are sufficient to establish by at least a preponderance of the evidence that the amount in controversy could be established. See, e.g., Kilmer v. Stryker Corp., No. 5:14-CV-456-OC-34PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) ("[T]he Court finds that the damages alleged in this case are of the type that the Court could reasonably conclude, based on the past medical expenses, the nature of the case, the injury alleged, and the Court's experience, that the amount in controversy exceeds $75,000."); Vega v. GEICO Gen. Ins. Co., No. 8:21-CV-1450-MSS-AAS, 2021 WL 11132744, at *2 (M.D. Fla. Aug. 3,

2021) (considering pre-suit medical calculations along with allegations in Complaint of serious injuries).

Additionally, in the Notice of Removal (Doc. #1) defendant cites to a Civil Remedy Notice[2] filed with the Florida Department of Financial Services on December 27, 2024. (Id. at 6.) The Civil Remedy Notice details economic damages totaling $66,043.64, and future pain and suffering totaling $1,160,700. (Id. at p. 44.) Plaintiff's Initial Disclosures, attached to the Notice of Removal, were filed in state court reflecting a computation of $154,381.38 in past medical bills and expenses. (Doc. #1-4 at 47.) In response to the motion to remand, defendant has further attached a demand letter dated October 16, 2024, reflecting economic damages totaling $66,043.64, past pain and suffering in the amount of $18,960, and future pain and suffering in the amount

---

[2] A written Civil Remedy Notice is one of several requirements before filing a bad faith failure to settle claim. Porcelli v. OneBeacon Ins. Co., 635 F. Supp. 2d 1312, 1316 (M.D. Fla. 2008). Generally, "Civil Remedy Notices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future. The only possible use of the Civil Remedy Notice in this case is to serve as a description of [plaintiff's] injuries." Green v. Travelers Indem. Co., No. 3:11-CV-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011). See also Dimasi v. USAA Gen. Indem. Co., No. 8:23-CV-2265-VMC-TGW, 2023 WL 6873351, at *2 (M.D. Fla. Oct. 18, 2023) (A Civil Remedy Notice is "puffing and posturing" and "generally unhelpful in the Court's amount in controversy analysis.").

of $1,160,700, but offering to settle for the $500,000 policy limit. (Doc. #20-1.)

The removing defendant has made specific factual allegations establishing the jurisdictional amount and can support them with evidence and with reasonable deductions, inferences, or extrapolations. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. [] Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' [] Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citations omitted). Applying this judicial experience and common sense, the Court finds that defendant has met the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy was satisfied at the time of removal.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand to State Court (Doc. #12) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of July 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record